AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

FILED
2006 DEC -4 AM 10: 42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>WENDY FELDMAN | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 04CR2520-BTM<br>MICHAEL L. LIPMAN<br>Defendant's Attorney |

**REGISTRATION NO.**   94201198

THE DEFENDANT:

X   pleaded guilty to count(s)   one, two and three of the information.

☐   was found guilty on count(s) _____
     after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1343 | WIRE FRAUD | 1, 2 & 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

☐   The remaining count is dismissed on the motion of the United States.

X   Assessment : $300.00 within thirty days.

X   Fine ordered waived.

   IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

NOVEMBER 29, 2006
Date of Imposition of Sentence

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

Entered Date:

AO 245B    (Rev. 9/00) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT:    WENDY FELDMAN
CASE NUMBER:    04CR2520-BTM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty-seven (27) months as to counts 1, 2 and 3 concurrently.

*[signature]*
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐  as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    X  by 12:00 noon on January 26, 2007 or to this court by 2:00 p.m.
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: WENDY FELDMAN
CASE NUMBER: 04CR2520-BTM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to count 1, 2 and 3 concurrently.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, but not more than 4 times per month, unless defendant is removed from the United States.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Continued 2 — Supervised Release

JUDGMENT PAGE: __4__ TO __5__

DEFENDANT:    WENDY FELDMAN
CASE NUMBER:  04CR2520-BTM

# SPECIAL CONDITIONS OF SUPERVISION

| | |
|---|---|
| _X_ | Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer. |
| _X_ | Not possess firearms, explosive devices, or other dangerous weapons. |
| _X_ | Not possess any narcotic drug or controlled substance without a lawful medical prescription. |
| ___ | If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure. |
| _X_ | Participate in a program of drug and alcohol abuse treatment including urinalysis testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer. |
| _X_ | Report all vehicles owned or operated, or in which you have an interest, to the probation officer. |
| ___ | Not enter the United States illegally. |
| _X_ | Cooperate as directed in the collection of a DNA sample. |
| _X_ | Provide complete disclosure of all personal and business financial records to the probation officer when requested. |
| _X_ | Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the Probation Officer. |
| _X_ | Not engage in employment or act in a fiduciary capacity. |
| ___ | Resolve all outstanding warrants within sixty (60) days of release from custody. |
| ___ | Remain in your place of residence for a period of ____ days, except while working at verifiable employment, attending religious services or undergoing medical treatment |
| ___ | Successfully complete a residential drug program. |
| ___ | Complete _____ hours of community service in a program approved by the Probation Officer within _____ months. |
| ___ | Reside in a community treatment/corrections center for a period of ____ days commencing upon release. |
| _X_ | Participate in a program of mental health treatment as directed by the probation officer. The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant shall consent to the release of evaluations and treatment information to the probation officer and the Court by the mental health provider. |
| ___ | Not aid, assist, harbor or transport undocumented aliens. |
| ___ | Not associate with known alien smugglers. |
| ___ | Not associate with known drug traffickers or users. |
| ___ | Not enter Mexico without the written permission of the probation officer. |
| _X_ | Maintain full-time employment or education or a combination of both. |
| ___ | Obtain G.E.D. by |
| _X_ | Make restitution as set forth on page 5 of this judgment at the rate of $500.00 per month subject to increase or decrease on charged circumstances. |

```
AO 245 S  RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT
=======================================================================
DEFENDANT: WENDY FELDMAN                               JUDGMENT PAGE 5 OF 5
CASE NUMBER: 04CR2520-BTM
```

**RESTITUTION**

IT IS ORDERED the defendant shall pay restitution in the amount of $4,195,000.00 to the following victims in the following amounts:

| | |
|---|---|
| David & Kelley; Dale; and the CIPRS Trust | $1,175,000.00 |
| George Jacobs | $  155,000.00 |
| Donald Pulford | $  110,000.00 |
| Mark Hutman | $   35,000.00 |
| Tracey Hampton-Stein | $   50,000.00 |
| A.G. Edwards & Sons, Inc | $2,395,000.00 |
| Morgan Stanley DW, Inc. | $  275,000.00 |
| Total | $4,195,000.00 |

Payment of the restitution shall be through the Clerk, U.S. District Court, 880 Front Street, San Diego, CA 92101, to the victims identified above at the rate of $500.00 per month subject to increase or decrease on charged circumstances.